

IN RE TODD.

(No. V83-51708—Decided August 11, 1987.)

Court of Claims of Ohio.

*James L. Deese,* for applicant.

*Anthony J. Celebrezze, Jr.,* attorney general, for appellant.

CLINE, J. This is an appeal by the Attorney General from the three-commissioner panel's decision granting a reduced award of $250, pursuant to former R.C. 2743.60(D).

On November 15, 1984, the single commissioner issued a supplemental opinion and order which denied the applicant's claim for an award of reparations. The denial was based upon the finding that the decedent engaged in misconduct which had a causal connection to the criminally injurious conduct.

On April 19, 1985, the three-commissioner panel issued an opinion and order awarding the applicant $250. Since the criminally injurious conduct occurred prior to March 18, 1983, an award for expenses related to the decedent's funeral, cremation or burial was limited to $500, pursuant to former R.C. 2743.51(F). However, the former statutory provision, R.C. 2743.60(D), pertaining to contributory misconduct, is a substantive right and applicable; therefore, the $500 funeral-expense award was reduced to $250.

The facts that gave rise to the claim, as considered by the single commissioner and the panel of commissioners, are as follows.

On May 14, 1982, the victim, Kenneth C. Todd, was fatally shot by Calvin White. The victim and the offender were arguing outside an apartment. The victim then punched the offender, knocking the offender to the ground. The witnesses then quickly pulled the victim away from the offender.

The offender went down the sidewalk toward the back of the apartment

building, conferred with another unidentified person, and walked back to the victim to confront him near the front of the building. The victim and the offender exchanged words, but then the offender produced a gun and fatally shot the victim.

The appellant's brief states that R.C. 2743.60(F), the contributory-misconduct provision, effective March 18, 1983, is applicable in this matter. In support of his argument, the Attorney General cites *In re Pugh* (Jan. 14, 1985), Ct. of Claims No. V83-58419jud, unreported, which in essence adopted the reasoning of *In re Hamad* (July 23, 1984), Ct. of Claims No. V82-33838jud, unreported. In *In re Hamad,* the judge addressed the constitutionality of the retroactive application of R.C. 2743.51(M) and 2743.60(F). It was held that these provisions were remedial in nature and not substantive, and, therefore, could be applied retroactively.

Furthermore, the Attorney General submits that the three-commissioner panel misconstrued the case of *In re Kesterson* (Sept. 25, 1984), Ct. of Claims No. V82-39470jud, unreported, and wrongfully applied it to the instant case. The Attorney General asserts that the proper construction of *In re Kesterson* is that it does not make any distinction between a right to a reduced award and a right to a full award. *In re Kesterson* does not address the award-reduction issue as a distinguishing factor between the former and present statutes. The only language regarding the issue of the retroactive application of the contributory-misconduct provisions of R.C. 2743.60(F) and 2743.51(M) in *In re Kesterson* indicates that the court held any retroactive application of the said sections would be unconstitutional. Moreover, the Attorney General submits that *In re Pugh, supra,* was the latest decision rendered on the issue and that that decision in effect overruled *In re Kesterson.*

The applicant contends that there being no causal relationship between the victim's fighting and the cold-blooded act of his murder, there is no basis to bar or reduce a reparations award for his widow. The applicant posits in the alternative, assuming *arguendo* that there was evidence of contributory misconduct, that the three-commissioner panel was correct in applying the former provision of R.C. 2743.60(D).

I find the Attorney General's reliance on *In re Pugh* is misplaced, because in that case the reparations application was filed on June 17, 1983, which was subsequent to March 18, 1983, the date the revised provisions contained in R.C. 2743.51(M) and 2743.60(F) became effective. In the instant case, the reparations application was filed prior to the effective date of R.C. 2743.51(M) and 2743.60(F), which clearly makes the former R.C. 2743.60(D) applicable.

Furthermore, the appellant relies on *In re Hamad, supra,* to buttress the proposition that the retroactive application of R.C. 2743.51(M) and 2743.60(F) was constitutional because these are remedial, as opposed to substantive, measures.

However, in *In re Hamad, supra,* the court did not address the issue of whether the reduction or denial of an award is a substantive right. It dealt with the issue of whether the shift in the burden of proof of contributory misconduct and the manner in which commissioners weighed the evidence are substantive changes. This clearly distinguishes *In re Hamad* from the case at bar. Therefore, the court now concludes that based on the reasoning of *In re Johnson* (May 21, 1984), Ct. of Claims No. V83-51295jud, unreported, R.C. 2743.51(M) and 2743.60(F) should not be applied retroactively. A claimant's right to an award of reparations vests at the time of the criminally injurious conduct, and at that moment

becomes a substantive right which cannot constitutionally be interfered with by subsequent legislative enactment. *In re Johnson.*

The ban against retroactive legislation is applicable solely to substantive, as opposed to remedial, laws. *Rairden* v. *Holden* (1864), 15 Ohio St. 207. The change from the reduction option in former R.C. 2743.60(D) to the total denial of an award pursuant to R.C. 2743.60(F) is clearly a substantive change, and therefore unconstitutional if the latter section is applied retroactively.

Moreover, the court's reviewing authority is established by R.C. 2743.121(B) and 2743.61(A). The latter section provides in pertinent part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

Under these instructions, on an appeal from a determination of fact, the court does not attempt to substitute its judgment for that of the trier of fact, unless that judgment is against the manifest weight of the evidence. Therefore, I affirm the decision of the three-commissioner panel, because the appellant has not met his burden of proof of showing that the commissioners' decision was unreasonable and unlawful. Furthermore, the applicant-appellee has not met her burden of proof of showing that the victim was not engaged in contributory misconduct and that the reduction of the award of reparations was unreasonable or unlawful pursuant to former R.C. 2743.60(D).

*Decision affirmed.*

GUY G. CLINE, J., retired, of the Probate Court of Pickaway County, sitting by assignment.